BOYD JAMES O'DONNELL, JOAN O'DONNELL, TEMORA TRADING COMPANY, LTD., a Bahamian Corporation, MICHAEL W. MOGAN, BURTON BERGERON, EUGENE FOX, TED IVY, JAMES GLEASON, a Fictitious Person, NUOVO ANSTALT, a Liechtenstein Trust and RICHARD MONEYMAKER, Attorney, Appellants, v. WALLACE PERRY, as Trustee of Estate of BOYD JAMES O'DONNELL and JOAN O'DONNELL, Bankrupts, Respondent.

No. 15638

June 26, 1984                                         683 P.2d 12

*Vaughan, Hull, Copenhaver & Hansen, Ltd.,* Elko, for Appellants.

*Goicoechea & DiGrazia, Ltd.,* Elko, and *Russell Piccoli,* Phoenix, Arizona, for Respondent.

## OPINION

*Per Curiam:*

This court issued an opinion in 1982 which concerned the principals to this action. *See* Temora Trading Co. v. Perry, 98 Nev. 229, 645 P.2d 436 (1982). Since that time, civil and criminal contempt proceedings have been brought against appellants. Appellants moved for bifurcation of the civil and criminal proceedings, contending that the district court lacked jurisdiction to entertain the criminal matter. The motion was denied, and this appeal followed. Respondent has now moved to dismiss the appeal, asserting that the order is not appealable, and appellants have opposed the motion.

Appellants contend that the order in question is appealable as an order "changing or refusing to change the place of trial." *See* NRAP 3A(b)(2); NRS 2.090. Appellants have provided no authorities indicating that an order denying a motion to transfer a case from a district court to a justice's court constitutes an order refusing to change the "place" of trial, and we are aware of none.[1] *Cf.* State v. District Court, 52 Nev. 379, 287 P. 957 (1930) (change of "place of trial" means change of venue, not change of the judge or the court).

Alternatively, appellants contend that the order was a "special order made after final judgment." *See* NRAP 3A(b)(2). We note that the order in question is interlocutory in nature and concerns new proceedings in contempt. Appellants have made no showing that the order affects the rights of parties growing out of final judgment; it therefore appears that the order was not an appealable special order. *See* Alvis v. State, Gaming Control Bd., 99 Nev. 184, 660 P.2d 980 (1983).

Appellants have requested that, should we determine that the order is not appealable, the appeal be treated as a petition for a writ of prohibition. Appellants have provided neither relevant authority nor compelling argument in favor of this request.

The district court order denying the motion to bifurcate is not an appealable order. Accordingly, the motion to dismiss is granted and this appeal is dismissed. Appellant's request to treat this appeal as a petition for a writ of prohibition is denied.

---

[1] We note that in 1981, the Nevada Legislature modified NRS 2.090 to make orders "changing or refusing to change the place of trial" in criminal actions appealable only after judgment. *See* 1981 Nev. Stats. ch. 702, § 2, at 1706. The title of the act making that modification stated that the act concerned orders "changing or refusing to change *venue*." *Id.* at 1705 (emphasis added). Thus, it appears that the legislative intent in using the words "place of trial" was to refer to venue. *See* A Minor v. Clark Co. Juvenile Ct. Servs., 87 Nev. 544, 490 P.2d 1248 (1971) (title of statute indicative of legislative intent).