VICTOR JAY JORDON, Appellant, *v.* VERNON G. HOUSE-WRIGHT, Director of the Nevada Department of Prisons, Respondent.

No. 15987

March 19, 1985                                    696 P.2d 998

*Aebi, FitzSimmons, and Lambrose,* Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Brooke A. Nielson,* Deputy Attorney General, Carson City, for Respondent.

*Thomas E. Perkins,* State Public Defender, Carson City, Amicus Curiae.

## OPINION

*Per Curiam:*

Appellant, a prisoner at the Nevada State Prison in Carson City, filed a post-conviction petition for a writ of habeas corpus in the First Judicial District Court. On July 2, 1984, a hearing was held at which the district court orally denied the petition and directed respondent's attorney to prepare a written order. The written order denying the petition for writ of habeas corpus was entered on July 10, 1984, and respondent mailed written notice of entry of the order to appellant's counsel on July 13, 1984. The notice of appeal was filed July 31, 1984, twenty-one days after entry of the order denying appellant's petition for a writ of habeas corpus.

Under NRS 34.380(3), an appeal from an order of the district court denying a petition for a writ of habeas corpus "must be made within 15 days after the day of entry of the order or judgment." On December 12, 1984, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction due to the untimeliness of the notice of appeal. In response to our order, appellant primarily contends that the 15-day time period for filing the notice of appeal under NRS 34.380 began to run the date he was served with written notice of entry of the order, rather than the date of entry of the order denying the petition. Additionally, appellant argues that he had three additional days to file the notice of appeal pursuant to NRAP 26(c)

because written notice of entry of the order was served upon him by mail.[1] *Cf.* NRAP 4(a) (notice of appeal in civil cases must be filed within 30 days of date of service of written notice of entry of judgment or order). Thus, according to appellant, he had 18 days from July 13, 1984, the date he was served with written notice of entry of the lower court's order, within which to file his notice of appeal. Because his appeal was filed within 18 days from that date, appellant concludes that his appeal was timely filed. This argument is without merit.

In *Hill v. Warden*, 96 Nev. 38, 604 P.2d 807 (1980), we recognized that habeas corpus is a special statutory remedy which cannot be classified as either civil or criminal for all purposes. NRS 34.380(3) provides a specific time period for taking an appeal from an order or judgment of the district court denying an application for a writ of habeas corpus. The statute allows a fifteen day period from the day of the entry of the order or judgment. Unlike NRAP 4(a), NRS 34.380(3) does not contain a provision relating to service of written notice of entry of the order appealed from. Thus, written notice of entry of the order or judgment is irrelevant in habeas proceedings, and NRAP 26(c) is not applicable to enlarge the time for perfecting an appeal. *Cf.* NRAP 4(b) (notice of appeal in criminal cases must be filed within 30 days after date of entry of judgment or order).

While we are sympathetic to appellant's argument that the statute does not provide for the most practical method of insuring that habeas corpus petitioners are informed that the appeal period has begun to run, we conclude that the legislative expression on the statutory time limit is clear and unambiguous. Appellate review of habeas corpus proceedings in Nevada exists by reason of legislative grant. Legislative regulation of the writ process, including the time for filing the notice of appeal in habeas corpus cases, is neither an unconstitutional encroachment on the powers of the judiciary nor a suspension of the writ of habeas corpus in violation of the federal or state constitutions. *See* Gary v. Sheriff, 96 Nev. 78, 605 P.2d 212 (1980).

Having determined that appellant's notice of appeal was untimely filed, we conclude that we lack jurisdiction to entertain this appeal. Accordingly, this appeal is dismissed.

---

[1] NRAP 26(c) provides that "whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, three (3) days shall be added to the prescribed period."