756 P.2d 1191 (1988)
Jessie Charles WASHINGTON, Appellant,
v.
The STATE of Nevada, Respondent.
No. 18730.
Supreme Court of Nevada.
June 28, 1988.
*1192 Terri Steik Roeser, State Public Defender and Jeffrey M. Evans, Deputy State Public Defender, Carson City, for appellant.
Brian McKay, Atty. Gen., Carson City, Rex Bell, Dist. Atty., Las Vegas, for respondent.

OPINION
PER CURIAM:
Our preliminary review of the record on appeal revealed a jurisdictional defect. Specifically, appellant's notice of appeal appeared to be untimely, in that it was not filed within thirty days from the date the district court entered its opinion denying appellant's petition. See NRS 177.385 and NRAP 4(b).[1] Consequently, on March 4, 1988, this court entered an order in which it directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.
In response to that order, appellant has filed authorities in support of his position that this appeal is timely, despite the fact that the notice of appeal was not filed within thirty days from the date the district court entered its opinion. In particular, appellant argues that it is NRAP 4(a), rather than NRAP 4(b), which applies to appeals taken pursuant to NRS 177.385.[2] Thus, appellant contends that an appeal taken from a final judgment on an application for post-conviction relief brought pursuant to NRS 177.385 should be treated as a civil, rather than a criminal, proceeding. Consequently, appellant argues, because he did not receive formal written notice of entry of the order denying his post-conviction petition, his notice of appeal was timely filed. Appellant requests that this court "reconsider its practice of treating appeals under NRS 177.385 as `criminal' matters," and instead consider them as civil appeals for purposes of calculating the time for filing the notice of appeal.
In 1985 and 1987, the legislature made amendments to NRS Chapter 34 which provide that appeals from orders denying post-conviction petitions for writs of habeas corpus are to be filed within 30 days after the date of service of notice of entry of the judgment. See NRS 34.710(3) and 34.815(1). The legislature did not, however, make any similar amendments to NRS Chapter 177. Appellant argues that post-conviction petitions and habeas corpus proceedings are "analogous remedies," and that it was the intent of the legislature that appeals from either be handled in the same manner. We disagree. The legislature enacted a statute specifically governing the timeliness of appeals taken from post-conviction habeas proceedings. In enacting procedures applicable to the prosecution of petitions for post-conviction relief, however, the legislature did not adopt provisions which would require that appeals from such proceedings be subject to rules different from any other criminal appeal. Cf. Baruth v. Gardner, 110 Idaho 156, 715 *1193 P.2d 369 (Ct.App. 1986) (defendant's appeal from an order dismissing petition for post-conviction relief would not be dismissed as untimely, where notice of appeal was filed after the expiration of the time provided by the applicable appellate rule, but within the statutorily prescribed time for review set forth in the Uniform Post-Conviction Act adopted by Idaho). Consequently, we cannot conclude that the legislature intended that an appeal from an order denying a petition for post-conviction relief be governed by either the statutes governing civil matters generally, or those applying to post-conviction petitions for habeas corpus under NRS Chapter 34.
Appellant argues that various practical considerations relating to the plight of imprisoned petitioners mandate the imposition by this court of a requirement that the time within which to file a notice of appeal from orders denying post-conviction petitions not commence to run until written notice of entry of judgment is served. The right to appeal, however, is statutory; an untimely notice of appeal is insufficient to vest jurisdiction in this court. See Jordon v. Director, Dep't of Prisons, 101 Nev. 146, 696 P.2d 998 (1985). This court cannot, therefore, in the absence of specific legislative authority permitting it to do so, take jurisdiction over this untimely appeal by the selective application of statutes relating to civil proceedings.
We reject appellant's argument that this court should determine which appellate rule applies by looking to the manner in which federal courts treat appeals from habeas corpus proceedings. See, e.g., United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1239 (7th Cir.1986). This court has previously stated that habeas corpus is a proceeding which should be characterized as neither civil nor criminal for all purposes. Hill v. Warden, 96 Nev. 38, 604 P.2d 807 (1980). Moreover, in the instant case appellant pursued relief under NRS Chapter 177, a chapter organized with the other statutes of this state which govern matters of criminal, and not civil, procedure.
Finally, appellant argues that if this court were to rule that the instant appeal is untimely, concepts of judicial economy would be violated, because appellant would then raise claims identical to those presented in the instant case in a post-conviction petition for a writ of habeas corpus, and then take a timely appeal from any order of the district court denying those claims. Appellant ignores, however, the fact that the decision of the district court in the instant case has become final, and that appellant cannot relitigate those claims by filing successive petitions. See, e.g., Dromiack v. Warden, 97 Nev. 348, 630 P.2d 751 (1981). Thus, this court will not necessarily, as appellant asserts, be obligated ultimately to examine the propriety of the denial by the district court of appellant's claims in the instant case. See NRS 34.810.
For the reasons expressed above, we conclude that this court lacks jurisdiction to entertain this appeal, and we hereby dismiss this appeal.[3]
NOTES
[1] NRS 177.385 provides in part: "[a] final judgment entered on an application for post-conviction relief may be reviewed by the supreme court of this state on appeal, brought either by the petitioner or by the state as provided by law."

NRAP 4(b) provides in part: "[i]n a criminal case, the notice of appeal by a defendant shall be filed in the district court within thirty (30) days after the entry of the judgment or order appealed from."
[2] NRAP 4(a) provides in relevant part:

In a civil case in which an appeal is permitted by law from a district court to the Supreme Court the notice of appeal required ... shall be filed with the clerk of the district court within thirty (30) days of the date of service of written notice of the entry of the judgment or order appealed from.
[3] This appeal was previously dismissed in an unpublished order of this court. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order dismissing this appeal filed May 18, 1988.