STEPHEN MICHAEL PASSANISI, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 22168

May 13, 1992

831 P.2d 1371

*Nielsen and Walker,* Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Scott W. Doyle,* District Attorney and *Michael P. Gibbons,* Chief Criminal Deputy, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's post-conviction motion to modify his sentence.

On March 20, 1986, appellant caused a two car automobile accident that resulted in the death of the driver of the other car and serious injuries to the passenger of the other car. Appellant left the scene of the accident.

On August 4, 1986, pursuant to plea negotiations, appellant pleaded guilty to two counts of DUI causing death or substantial bodily harm and one count of leaving the scene of an accident. On September 8, 1986, the district court sentenced appellant to two consecutive fifteen year terms of imprisonment for the DUI offenses, and a concurrent term of six years for leaving the scene of an accident. The judgment of conviction was entered September 10, 1986.

On February 12, 1991, four and one-half years after his judgment of conviction was entered, appellant filed in the district court a "motion to modify sentence." In the motion, appellant argued that the district court had imposed sentence based on a materially untrue assumption of fact regarding the placement of appellant within the prison system. Thus, appellant argued that the district court should modify the sentence. On February 15, 1991, the state filed an opposition to appellant's motion. The state argued that the district court lacked jurisdiction to consider

appellant's motion because the only remedy available to appellant was a petition for post-conviction relief. *See* NRS 177.315. On February 25, 1991, appellant filed his reply to the state's opposition. On March 21, 1991, the district court denied appellant's motion on the sole ground that it lacked jurisdiction to modify a sentence after the defendant had begun to serve it. *See* NRS 176.1853(2). This timely appeal followed.

The state contends that the district court lacked subject matter jurisdiction to consider appellant's motion below because the only method for collaterally challenging a judgment of conviction is through a petition for post-conviction relief. The state relies on NRS 177.315(2), which provides:

> The remedy provided in this section [post-conviction relief] is not a substitute for *nor does it affect any remedies which are incident to the proceedings in the trial court,* the remedy of direct review of the sentence or conviction or the writ of habeas corpus. *It comprehends and takes the place of all other common law, statutory or other remedies which have heretofore been available for challenging the validity of the conviction or sentence, and must be used exclusively in place of them.*

(Emphasis added.)

Appellant alleged in his motion below that the district court based its sentence on an untrue assumption about a material fact which worked to appellant's extreme detriment. Without suggesting that appellant's motion had merit, we note that the trial court has inherent authority to correct a sentence at any time if such sentence was based on a mistake of material fact that worked to the extreme detriment of the defendant. *See* Staley v. State, 106 Nev. 75, 787 P.2d 396 (1990); State v. District Court, 100 Nev. 90, 677 P.2d 1044 (1984); Warden v. Peters, 83 Nev. 298, 429 P.2d 549 (1967). If the trial court has inherent authority to correct a sentence, *a fortiori,* it has authority to entertain a motion requesting it to exercise that inherent authority. Thus, the district court had authority to consider appellant's motion to modify his sentence.

Next, the state contends that this court lacks jurisdiction to entertain this appeal because no statute or court rule authorizes an appeal from an order of the district court denying a motion to modify a sentence. Appellant answers that this is essentially a petition for post-conviction relief, and that an order denying such

a petition is appealable pursuant to NRS 177.385. We disagree with both the state and appellant.

This action differs from a petition for post-conviction relief. Specifically, because the motion is addressed to the inherent authority of the court to correct its own alleged mistake, it does not share the characteristics of the usual petition for post-conviction relief. As noted above, the district court has inherent authority to correct an illegal sentence at any time. The same is true of a sentence that, although within the statutory limits, was entered in violation of the defendant's right to due process. Thus, the time limits and other restrictions with respect to a petition for post-conviction relief do not apply to a motion to modify a sentence based on a claim that the sentence was illegal or was based on an untrue assumption of fact that amounted to a denial of due process.

Similarly, as noted by this court in *Peters,* 83 Nev. at 301, 429 P.2d at 551, the instant motion shares some characteristics with a petition for a writ of habeas corpus. Nevertheless, such an issue could not properly be raised in many cases in the form of a petition for a writ of habeas corpus, because it is the sentencing court that has the inherent authority to correct its sentence, and the sentencing court does not have habeas corpus jurisdiction over a prisoner not incarcerated within its district. *See* Nev. Const. art. 6, § 6.

We believe that a motion to modify a sentence is the functional equivalent of a motion for a new trial. Rather than seeking a new trial, the defendant seeks only a new sentencing. In both instances, however, the defendant seeks an entirely new proceeding based on the claim that the factual underpinnings of the district court's decision are incorrect. Such challenges are direct attacks on the decision itself, rather than collateral, post-conviction attacks, and the district court's authority to consider such motions is "incident to the proceeding in the trial court." NRS 177.315(2) (quoted above).[1] Thus, in timing and scope, the two actions are essentially the same.

---

[1] We do not suggest by this conclusion that a criminal defendant could not, under the appropriate circumstances, raise a challenge to the factual underpinnings of a sentence entered pursuant to a judgment of conviction by way of a direct appeal or a petition for post-conviction relief. Nevertheless, the narrow type of challenge which may be brought pursuant to the inherent authority of the district court recognized in *Peters, State v. District Court* and *Staley, i.e.,* the authority to correct a sentence based on a material mistake of fact about the defendant's record, will usually be in the form of a challenge to factual information relied on by the district court that is later determined to be false. Such a challenge is similar to a claim of newly discovered evidence that might justify a new trial, and may be brought by motion for a new sentencing hearing.

An order granting or refusing a new trial is independently appealable by the defendant or the state. NRS 177.015(1)(b); *cf.* Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984) (although no statute specifically provides for an appeal from an order of the district court denying a motion for leave to withdraw a guilty plea, such a motion is the functional equivalent of a motion for a new trial, and the district court's order denying the motion is appealable as an order refusing a new trial). Thus, the state's contention lacks merit.[2]

Appellant contends that the district court relied on an untrue assumption of fact that worked to his extreme detriment in violation of his due process rights. Specifically, appellant argues that the district court entered judgment against him in the mistaken belief that appellant would be placed in an honor camp, where he could have earned good time and work credits at a faster rate and would have been segregated from "hardened criminals." Statutory law in effect when appellant was sentenced precluded placement of appellant in an honor camp.[3] Because the district court was unaware of the statutory preclusion of housing appellant at an honor camp, appellant argues that the district court should resentence him. We disagree.

Generally, a district court lacks jurisdiction to suspend or modify a sentence after the defendant has begun to serve it. *See* NRS 176.1853(2); Miller v. Hayes, 95 Nev. 927, 604 P.2d 117 (1979). We have made exceptions to this rule, however, when a court has made *"a mistake in rendering a judgment which works to the extreme detriment of the defendant."* State v. District Court, 100 Nev. 90, 95, 677 P.2d 1044, 1047 (1984) (quoting Warden v. Peters, 83 Nev. 298, 301, 429 P.2d 549, 551 (1967))

---

[2]In this regard, we note that in *State v. District Court,* this court questioned the propriety of the state's petition for a writ of mandamus because the state could have appealed from the order of the district court granting the defendant's motion to modify his sentence. *See State v. District Court,* 100 Nev. at 102 n.9, 677 P.2d at 1052.

[3]At the time appellant was sentenced, NRS 209.481(1) precluded the placement in an honor camp of any prisoner who was not eligible for parole or release from prison within a reasonable period of time. Prison regulations defined a reasonable time to be eighteen months. Because of appellant's lengthy sentence, he was not eligible for placement in an honor camp. The restriction in NRS 209.481(1) appeared to be at least arguably in conflict with the legislature's stated intention in the DUI statutes that DUI offenders be segregated, as far as practicable, from more violent prisoners. *See, e.g.,* NRS 484.3795(1). In 1991, the legislature removed the conflict between the statutes by expressly exempting DUI offenders from the limitations of NRS 209.481(1). 1991 Nev. Stats. ch. 128, § 5, at 218.

(emphasis in original). Nevertheless, "not every mistake or error which occurs during sentencing gives rise to a due process violation. The cases implicitly recognize [that] . . . a due process violation arises only when the errors result in 'materially untrue' assumptions about *a defendant's record.* . . . [T]hese considerations represent an *appropriate jurisdictional limit* to the correction or modification of a defective sentence by a district court." *State v. District Court,* 100 Nev. at 97, 677 P.2d at 1048-49 (quoting Townsend v. Burke, 334 U.S. 736, 741 (1948)) (emphasis added); *see also* Staley v. State, 106 Nev. 75, 79, 787 P.2d 396, 398 (1990).

Thus, it is clear that the district court had jurisdiction to modify appellant's sentence in this case only if (1) the district court actually sentenced appellant based on a materially false assumption of fact that worked to appellant's extreme detriment, and (2) the particular mistake at issue was of the type that would rise to the level of a violation of due process.

The district court did not specify whether it would have rendered a different sentence had it known that appellant would not be placed in an honor camp. Only the district judge who pronounced the sentence knows what prompted him to enter the sentence he did. *See* State v. District Court, 100 Nev. 90, 102-03, 677 P.2d 1044, 1052 (1984) (Brennan, D.J., concurring). Nevertheless, based on our review of the sentencing transcript, it appears very doubtful that the availability of an honor camp played any role whatsoever in appellant's sentence. The district judge seemed interested only in the seriousness of the crime, and expressed his opinion that a long sentence would have a deterrent effect on appellant and others who might drink and drive in his district. The discussion about the availability of an honor camp appears to have been a secondary consideration for the court.

Even assuming, for the sake of argument, that the availability of an honor camp was a material consideration in appellant's sentence, the mistake in this case was not with respect to the appellant's record, nor was appellant's sentence illegal. Thus, the district court had no authority under *State v. District Court* or *Peters* to modify appellant's sentence after he began to serve it. *See* State v. Clark, 90 Nev. 144, 520 P.2d 1361 (1974) (district court lacked jurisdiction to modify a sentence based on its mistaken belief that the defendant would be paroled after serving one year of a four year sentence).

We conclude, therefore, that the district court properly found that it lacked jurisdiction to modify appellant's sentence after he began to serve it. Accordingly, we affirm in all respects the decision of the district court.