*1068
 
 OPINION
 

 Per Curiam:
 

 FACTS
 

 Following a jury trial, a judgment of conviction was entered by the Second Judicial District Court against appellant John F. Mazzan in which Mazzan was found guilty of first degree murder and sentenced to death. On appeal, this court upheld the conviction but remanded for a new penalty hearing. Mazzan v. State, 100 Nev. 74, 675 P.2d 409 (1984). Following a second penalty hearing before a different jury, appellant was again sentenced to death by the Second Judicial District Court. On appeal, this court upheld the sentence. Mazzan v. State, 103 Nev. 69, 733 P.2d 850 (1987). Thereafter, appellant filed in the Second Judicial District Court a petition for post-conviction relief which was denied. In a split decision, this court upheld that denial. Mazzan v. State, 105 Nev. 745, 783 P.2d 430 (1989).
 

 On June 28, 1988, appellant, who was then incarcerated in the maximum security prison located in Carson City, filed a proper person petition for a writ of habeas corpus in the First Judicial District Court. On July 19, 1988, the First Judicial District Court entered an order summarily denying the petition. On appeal, this court vacated the district court’s order and remanded the appeal to the district court for reconsideration of appellant’s petition in light of Phelps v. Director, Prisons, 104 Nev. 656, 764 P.2d 1303 (1988). Mazzan v. Warden, Docket No. 19315 (Order of Remand, February 22, 1989). Thereafter, the First Judicial District Court ordered the state to file an answer to the petition, and appointed counsel for appellant.
 

 On March 20, 1992, appellant filed in the First Judicial District Court a motion for a change of venue to the Seventh Judicial
 
 *1069
 
 District, averring that he had been transferred during the pen-dency of the proceedings. He explained that, at the time of the remand, he was still incarcerated in the Nevada State Prison in Carson City, but that by the time counsel was appointed, he had been permanently transferred to the Ely State Prison in White Pine County. Accordingly, appellant contended that, upon his transfer, the First Judicial District Court lost jurisdiction to hear his petition. The state opposed the motion, contending that, although the court had discretion to grant a change of venue, it did not lose jurisdiction to hear the case just because appellant had been transferred.
 

 On July 17, 1992, the First Judicial District Court entered an order denying appellant’s motion for a change of venue. After unsuccessfully seeking reconsideration, appellant filed this appeal.
 

 Our preliminary review of the record on appeal revealed a potential jurisdictional defect. Specifically, we noted that an order denying a motion to change venue in a post-conviction habeas proceeding may not be an appealable determination. Accordingly, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a timely response to our order. For the reasons set forth below, we conclude that the order at issue is not appealable.
 

 DISCUSSION
 

 The issue of whether an order denying a motion to change venue in a post-conviction habeas proceeding is substantively appealable appears to be a question of first impression. Appellant contends that the challenged order is the “functional equivalent” of an order refusing to change the place of trial in a civil action and is therefore substantively appealable. Our review of the pertinent statutes, rules and cases leads us to the conclusion that the challenged order is not appealable.
 

 Appellant first relies on NRAP 3A(b)(2) and NRS 2.090 to support his contention that the challenged order is the “functional equivalent” of an order refusing to change the place of trial of a civil action.
 

 This contention is unpersuasive. NRAP 3A(b)(2) provides that, in civil actions, orders changing or refusing to change the place of trial are appealable determinations. NRS 2.090(2) states that, in civil actions, this court has jurisdiction to review on appeal orders changing or refusing to change the place of trial.
 
 [1]
 
 
 *1070
 
 However, as this court has previously observed, “habeas corpus is a proceeding which should be characterized as neither civil nor criminal for all purposes. It is a special statutory remedy which is essentially unique.” Hill v. Warden, 96 Nev. 38, 40, 604 P.2d 807, 808 (1980). It is because of the uniquely statutory quality of habeas corpus that appellant’s argument is unconvincing. This court may look to general civil or criminal rules for guidance only when the statutes governing habeas proceedings have not addressed the issue presented. Such is not the case here.
 

 In Jordon v. Director, Dep’t of Prisons, 101 Nev. 146, 147-48, 696 P.2d 998, 998-99 (1985), the appellant argued that the notice-of-entry provisions of NRAP 4(a) as well as the three-days-for-mailing provisions of NRAP 26(c) should be applied to NRS 34.380(3), which at that time required appeals from orders denying petitions for writs of habeas corpus to be filed within fifteen days after entry of the order.
 
 [2]
 
 This court disagreed. Noting that “habeas corpus is a special statutory remedy which cannot be classified as either civil or criminal for all purposes,” this court stated:
 

 NRS 34.380(3) provides a specific time period for taking an appeal from an order or judgment of the district court denying an application for a writ of habeas corpus. . . . Unlike NRAP 4(a), NRS 34.380(3) does not contain a provision relating to service of written notice of entry of the order appealed from. Thus, written notice of entry of the order or judgment is irrelevant in habeas proceedings ....
 

 . . . [W]e conclude that the legislative expression on the statutory time limit is clear and unambiguous. Appellate review of habeas corpus proceedings in Nevada exists by reason of legislative grant. Legislative regulation of the writ process ... is neither an unconstitutional encroachment on the powers of the judiciary nor a suspension of the writ of habeas corpus in violation of the federal or state constitutions.
 

 Id.
 
 at 148, 696 P.2d at 999.
 

 Appellant attempts to distinguish
 
 Jordon,
 
 contending that in
 
 Jordon
 
 this court was faced with conflicting legislation and opted to follow the more specific statute over a more general one, but that in the instant case this court is faced not with two potentially applicable yet conflicting statutes, but rather only one statute, NRS 2.090, which allows for appeals from orders refusing to change the place of trial.
 

 
 *1071
 
 Appellant’s attempt to distinguish
 
 Jordon
 
 is unconvincing. Contrary to appellant’s contention, this case is analogous to
 
 Jordon.
 
 In
 
 Jordon,
 
 the applicable provision from NRS Chapter 34 set forth with specificity the time period for taking an appeal: the exclusion of a provision relating to service of written notice of entry was intentional. Likewise, in this case, the statute sets forth with specificity the extent of the right to appeal in habeas proceedings.
 
 See
 
 former NRS 34.815.
 
 [3]
 
 Unlike NRAP 3A(b)(2) or NRS 2.090, the applicable provisions of NRS Chapter 34 do not allow for appeals from orders denying motions to change venue in post-conviction habeas proceedings. The legislative expression regarding substantive appealability in habeas proceedings is clear and unambiguous. Because the legislature specifically provided for appeals from orders granting or denying writs of habeas corpus in NRS Chapter 34, we must presume that the legislature intentionally excluded appeals from venue orders from that Chapter. Consequently, the provisions of NRAP 3A(b)(2) and NRS 2.090 pertaining to appeals from orders changing or refusing to change the place of trial of civil actions are irrelevant in habeas proceedings.
 
 Cf.
 
 Washington v. State, 104 Nev. 309, 311, 756 P.2d 1191, 1193 (1988) (in dismissing an untimely appeal from an order of the district court denying a petition for post-conviction relief filed pursuant to NRS 177.385, this court stated that it cannot, in the absence of specific legislative authority permitting it to do so, take jurisdiction over an appeal by the selective application of statutes relating to civil proceedings).
 

 The other cases cited by appellant to support his proposition are likewise unavailing. For example, in Hill v. Warden, 96 Nev. 38, 39, 604 P.2d 807, 807 (1980), the issue was whether the notice of appeal from an order of the district court denying a petition for a writ of habeas corpus should have been treated as filed after entry of the order and on the day thereof, as provided for in criminal actions by NRAP 4(b). This court observed that the legislature had specifically provided for the application of civil procedural rules in cases involving writs of certiorari and mandamus, but had made no similar provisions with regard to writs of habeas corpus.
 
 Id.
 
 at 40, 604 P.2d at 808. Noting that NRS Chapter 34 provided for the application of civil rules
 
 *1072
 
 regarding a change of judge in a habeas proceeding, this court remarked that such a provision “would not be necessary if habeas corpus is strictly civil in nature.”
 
 Id.
 
 This court went on to decide the narrow issue of the effect of a premature notice of appeal in a post-conviction case. It cited with approval the case of Karstetter v. Cardwell, 399 F.Supp. 1298, 1300 (D.Ariz. 1975), in which the court, noting that a prisoner’s liberty was at stake, applied a criminal rule regarding excusable neglect for the late filing of a notice of appeal despite the “technically ‘civil’ nature” of the case.
 
 Id.
 
 Because Hill challenged the legality of his confinement, the state had notice of his intent to appeal, and the state was not prejudiced, this court applied the rule in criminal cases under NRAP 4(b) and concluded that the premature notice of appeal was timely filed.
 
 Id.
 
 at 41, 604 P.2d at 808.
 

 Appellant attempts to distinguish
 
 Hill,
 
 arguing that in
 
 Hill
 
 this court was presented with two arguably applicable statutes, but that in the instant case this court is not presented with conflicting legislation.
 

 We disagree with appellant’s distinction. Although the instant case is distinguishable from
 
 Hill,
 
 the distinction works against, not in favor of, appellant’s principal contention.
 

 In
 
 Hill,
 
 this court was faced with two arguably applicable court rules, one civil and one criminal, regarding the effect of a premature notice of appeal in a post-conviction habeas proceeding. The reason this court had to choose between civil and criminal rules is that the legislature had enacted no specific statutory provisions in NRS Chapter 34 regarding premature notices of appeal, and this court had not adopted a specific rule on, this issue applicable to habeas proceedings. Thus, faced with a true void in the legislation and rules, this court construed its own rules to fill the vacuum. By contrast, in this case, the legislature has specifically provided for appeals from orders granting or denying writs of habeas corpus, but it has enacted no similar provision providing for appeals from orders granting or denying motions to change venue in post-conviction habeas proceedings. Had the legislature intended to make such orders substantively appealable, it would have expressly so provided in NRS Chapter 34. Thus, unlike
 
 Hill,
 
 this case does not present a void area of NRS Chapter 34, but rather an area which has been expressly considered by the legislature. Under these circumstances, we are not free to consider civil or criminal rules, but must instead follow the dictates of NRS Chapter 34.
 

 Appellant points out that, subsequent to this court’s decision in
 
 Hill,
 
 the legislature enacted provisions making the Nevada Rules of Civil Procedure applicable to post-conviction habeas proceedings.
 
 See, e.g.,
 
 NRS 34.780. Appellant argues that these changes
 
 *1073
 
 make clear the legislature’s “obvious intent” that post-conviction habeas proceed “in all respects” as would a civil action. We disagree. It does not follow from the enactment of provisions calling for the application of the Nevada Rules of Civil Procedure that the legislature intended such matters to proceed “in all respects” as a civil proceeding. On the contrary, NRS 34.780 states that, “[t]he Nevada Rules of Civil Procedure,
 
 to the extent that they are not inconsistent
 
 with NRS 34.360 to 34.830, inclusive, apply to proceedings pursuant to NRS 34.720 to 34.830, inclusive.” (Emphasis added.) Thus, the provisions of NRS 34.780 expressly limit the extent to which civil rules govern post-conviction habeas proceedings. We cannot turn to the rules of civil procedure for guidance when NRS Chapter 34 has already addressed the matter at issue. Therefore, the cited legislation does not nullify the fundamental proposition that habeas corpus is a special statutory remedy which, being neither civil nor criminal, is unique unto itself.
 

 Appellant next relies on this court’s recent decision in Passanisi v. State, 108 Nev. 318, 831 P.2d 1371 (1992). In
 
 Pas-sanisi,
 
 this court considered whether it had jurisdiction to entertain an appeal from an order of the district court denying a post-conviction motion to modify a sentence. This court observed that, in timing and in scope, a motion to modify a sentence is essentially the same as a motion for a new trial: both constitute direct attacks on the district court’s decision and the district court’s authority to consider such motions is incident to the trial court proceedings. This court concluded that “a motion to modify a sentence is the functional equivalent of a motion for a new trial.”
 
 Id.
 
 at 321, 831 P.2d at 1373. Because an order granting or refusing a new trial is independently appealable, this court concluded that it had jurisdiction to entertain the appeal.
 
 Id.
 
 at 322, 831 P.2d at 1373;
 
 cf.
 
 Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984) (order denying motion for leave to withdraw guilty plea appealable as functional equivalent of order denying motion for new trial despite absence of specific statute allowing such appeal).
 

 Appellant contends that the analysis from
 
 Passanisi
 
 is controlling in this case and that therefore the order at issue is appealable as the functional equivalent of an order refusing to change the trial of a civil action. Appellant argues that the legislature has expressed its intent that civil rules apply to post-conviction habeas proceedings except where specific provisions of NRS Chapter 34 apply.
 
 See, e.g.,
 
 NRS 34.780(1). Appellant contends that no specific provisions of NRS Chapter 34 apply, and that therefore broader principles, as exemplified by the “functional equivalent” test, apply. Appellant also relies on the substance
 
 *1074
 
 underlying the order at issue to support his contention that the nature of the challenged order is the functional equivalent of an order refusing to change the place of trial.
 

 Appellant’s reliance on
 
 Passanisi
 
 is misplaced. We determined in
 
 Passanisi
 
 that the proceeding was criminal in nature; we specifically rejected the contention that the proceeding was in the nature of a petition for post-conviction relief under former NRS 177.315, or that it was in the nature of a post-conviction petition for a writ of habeas corpus. Thus, we turned to NRS 177.015, the statute providing for appeals in criminal cases, for statutory authorization for the appeal. We construed the language of NRS 177.015(l)(b) to authorize the appeal, because the order appealed from was the functional equivalent of the type of order determined by the legislature to be appealable.
 
 Passanisi,
 
 108 Nev. at 320-22, 831 P.2d at 1372-73. We did not forage among general civil and criminal statutes looking for a statute that could be applied as justification for an appeal.
 

 In this case, the statute that applies is NRS 34.815 (now renumbered as NRS 34.575), because this case is indisputably a habeas proceeding. The order of the district court is not the functional equivalent of any of the appealable orders listed in that statute. Appeals from orders denying motions for change of venue are absent from the provisions of NRS Chapter 34 allowing for appeals to this court.
 
 See, e.g.,
 
 former NRS 34.815, now NRS 34.575. Appellant interprets this absence as a demonstration of the legislature’s intent that general civil rules govern. On the contrary, the omission of orders denying motions for change of venue from the list of appealable determinations in NRS Chapter 34 evinces the legislature’s intent to exclude interlocutory appeals during post-conviction habeas proceedings. The legislature enacted a statute which expressly governs, and thereby limits, the scope of appeals in post-conviction habeas proceedings. NRS Chapter 34 anticipates that post-conviction habeas relief will either be granted or denied, and it is clear from its provisions that appeals may be taken from those determinations
 
 only.
 
 Thus, contrary to appellant’s contention that the absence of a specific statute permitting the instant appeal is “irrelevant,” we conclude that such absence is dispositive and is fatal to appellant’s cause.
 

 We also reject appellant’s claim that the substantive underpinnings of the challenged order support his position. Unlike in
 
 Passanisi,
 
 where we held that a motion to modify a sentence was so similar to a motion for a new trial that one could be deemed the functional equivalent of the other, in this case, a motion for a change of venue in a post-conviction habeas proceeding and a motion seeking to change the trial of a civil action differ not only
 
 *1075
 
 in their appealability but in their very nature. They differ in timing, scope and effect. This argument is therefore without merit.
 

 To summarize, no court rule or statute provides for an appeal from an order of the district court denying a motion to change venue in a post-conviction habeas proceeding. The right to appeal is statutory. Where no court rule or statute provides for an appeal, no right to appeal exists.
 
 See
 
 Castillo v. State, 106 Nev. 349, 792 P.2d 1133 (1990). We cannot, in the absence of specific legislative authority permitting us to do so, take jurisdiction over an appeal by selectively grafting civil rules onto rules governing appealability in post-conviction habeas proceedings.
 
 Cf.
 
 Washington v. State, 104 Nev. 309, 311, 756 P.2d 1191, 1193 (1988) (rejecting argument that timeliness of notice of appeal in post-conviction proceedings brought pursuant to NRS Chapter 177 should be determined by civil rather than criminal rules); O’Donnell v. Perry, 100 Nev. 356, 683 P.2d 12 (1984) (rejecting argument that order denying motion to bifurcate civil and criminal contempt proceedings was appealable as order refusing to change place of trial pursuant to NRAP 3A(b)(2) and NRS 2.090). We conclude, therefore, that we lack jurisdiction to entertain this appeal. Accordingly, we dismiss this appeal.
 
 [4]
 

 [1]
 

 In criminal actions, this court has jurisdiction to review orders changing or refusing to change the place of trial only on appeal from the final' judgment.
 
 See
 
 NRS 2.090(1); NRS 174.455(3).
 

 [2]
 

 NRS 34.380 was replaced by NRS 34.710, which has since been amended.
 

 [3]
 

 The provisions of former NRS 34.815 may now be found in NRS 34.575, which states, in pertinent part, that “[a]n applicant. . . whose application for the writ is denied, may appeal to the supreme court from the order and judgment of the district court . . . .”
 
 See
 
 NRS 34.575(1). The statute also provides that an appeal may be brought on behalf of the state from an order of the district court granting a writ of habeas corpus.
 
 See
 
 NRS 34.575(2).
 

 [4]
 

 We express no opinion regarding the propriety of the district court’s order denying appellant’s motion for a change of venue.