EDWARD LEE BEETS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 25277

March 30, 1994                    871 P.2d 357

*Kevin M. Kelly,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's motion for partial summary judgment on a post-conviction petition for a writ of habeas corpus. The district court certified its order as final pursuant to NRCP 54(b). On March 9, 1994, the state filed a motion to dismiss this appeal. On March 18, 1994, appellant filed his opposition to the state's motion to dismiss.

On November 7, 1989, the district court convicted appellant, pursuant to a jury verdict, of one count each of burglary, first degree murder with use of a deadly weapon, attempted murder with use of a deadly weapon, mayhem with use of a deadly weapon, sexual assault with use of a deadly weapon, and two counts of sexual assault upon a minor under fourteen years of age. A three-judge panel imposed the death penalty. In addition, the district court sentenced appellant to serve in the Nevada State

Prison four consecutive terms of life in prison with the possibility of parole to be served consecutively to terms totalling fifty years. This court affirmed the convictions and sentence in Beets v. State, 107 Nev. 957, 821 P.2d 1044 (1991).

On November 22, 1993, appellant filed in the district court a post-conviction petition for a writ of habeas corpus. On December 7, 1993, appellant filed a motion for partial summary judgment. Appellant argued that his death sentence is illegal because a majority of this court failed to issue a majority opinion in which three judges concurred in the finding that consideration by the penalty jury of improper aggravating circumstances constituted harmless error. The state opposed the motion for summary judgment. On December 23, 1993, the district court, after hearing argument from counsel, denied appellant's motion for partial summary judgment. The district court certified the judgment as final pursuant to NRCP 54(b). This appeal followed.

The district court erred in entertaining a motion for summary judgment in the context of a post-conviction petition for a writ of habeas corpus and erred in certifying its order as final pursuant to NRCP 54(b). "[H]abeas corpus is a proceeding which should be characterized as neither civil nor criminal for all purposes. It is a special statutory remedy which is essentially unique." Hill v. Warden, 96 Nev. 38, 40, 604 P.2d 807, 808 (1980). "This court may look to general civil or criminal rules for guidance only when the statutes governing habeas proceedings have not addressed the issue presented." Mazzan v. State, 109 Nev. 1067, 1070, 863 P.2d 1035, 1036 (1993). NRS 34.820 provides for the procedure in cases where the petitioner has been sentenced to death. NRS 34.770, NRS 34.800 and NRS 34.810 provide for the manner in which the district court decides a post-conviction petition for a writ of habeas corpus. These statutes do not provide for summary judgment as a method of determining the merits of a post-conviction petition for a writ of habeas corpus. "[T]he provisions of NRS 34.780 expressly limit the extent to which civil rules govern post-conviction habeas proceedings. We cannot turn to the rules of civil procedure for guidance when NRS Chapter 34 has already addressed the matter at issue." *Mazzan*, 109 Nev. at 1073, 863 P.2d at 1038. Because NRS Chapter 34 addresses the issue of how the district court shall make its determination upon a post-conviction petition for a writ of habeas corpus, there is no need to turn to the rules of civil procedure. Accordingly, the district court erred in considering appellant's motion for partial summary judgment. Consequently, this court lacks jurisdiction to entertain an appeal from an order resolving the motion.

Further, even if summary judgment could be utilized in a post-conviction context, the order of the district court denying the motion for partial summary judgment is not an independently appealable order and is not amenable to NRCP 54(b) certification. "The denial of a motion for summary judgment is not a final judgment under [NRAP 3A(b)]." Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). The district court's order did not resolve any claim for relief, nor did it remove any party from the action below. Thus, the order is not amenable to certification of finality pursuant to NRCP 54(b). *See, e.g.,* Mallin v. Farmers Insurance Exchange, 106 Nev. 606, 797 P.2d 978 (1990); Hallicrafters Co. v. Moore, 102 Nev. 526, 728 P.2d 441 (1986); Knox v. Dick, 99 Nev. 514, 665 P.2d 267 (1983). "The district court does not have the power, even when a motion for certification is unopposed, to transform an interlocutory order which does not come within the rule, into a final judgment." *Taylor,* 100 Nev. at 209, 678 P.2d at 1153.

Accordingly, we conclude that we lack jurisdiction to entertain this appeal. We grant the state's motion, and we dismiss this appeal.