CHIRQUINTA MARIE DOTSON, APPELLANT *v.* THE STATE OF NEVADA, RESPONDENT

No. 28371

May 19, 1998

958 P.2d 81

*Paul Drakulich,* Public Defender and *John S. Hill,* Deputy Public Defender, Churchill County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, *Julie A. Slabaugh,* Deputy Attorney General and *Todd J. Dressel,* Deputy Attorney General, Carson City; *Kevin L. Pasquale,* District Attorney, Churchill County, for Respondent.

## OPINION

*Per Curiam:*

On July 26, 1995, the district court convicted appellant, pursuant to a guilty plea, of one count of possession of a controlled substance, a violation of NRS 453.336. The district court sentenced appellant to serve six years in the Nevada State Prison. Appellant did not file a direct appeal.

On December 29, 1995, appellant filed in the district court a proper person post-conviction petition for a writ of habeas corpus. On January 8, 1996, without appointing counsel, conducting an evidentiary hearing, or receiving a response from the state, the district court dismissed appellant's petition. The district court further determined, pursuant to NRS 209.451(1)(d)(2) and NRS 209.451(1)(d)(3), that appellant had presented frivolous claims.[1]

---

[1] NRS 209.451(1)(d) provides that, if an offender:

*In a civil action,* in state or federal court, is found by the court to have presented a pleading, written motion or other document in writing to the court which:

(1) Contains a claim or defense that is included for an improper purpose, including, without limitation, for the purpose of harassing his opponent, causing unnecessary delay in the litigation or increasing the cost of the litigation:

(2) Contains a claim, defense or other argument which is not war-

Accordingly, the district court recommended that the Director of the Department of Prisons order the forfeiture of up to sixty days of appellant's good time credits, if such credits had accrued. This appeal followed.

Appellant does not challenge the district court's determination to dismiss her habeas corpus petition. Rather, appellant claims that the district court erred in recommending the forfeiture of her good time credits. We agree.

We conclude that NRS 209.451(1)(d) is inapplicable to NRS chapter 34 post-conviction habeas corpus actions. The credit forfeiture provisions of NRS 209.451(1)(d) are expressly limited to civil cases. We have repeatedly held that a post-conviction habeas corpus proceeding cannot be characterized as either civil or criminal for all purposes. *See, e.g.,* Beets v. State, 110 Nev. 339, 341, 871 P.2d 357, 358 (1994) (citing Hill v. Warden, 96 Nev. 38, 40, 604 P.2d 807, 808 (1980)). Accordingly, had the legislature intended NRS 209.451(1)(d) to apply to state habeas corpus actions, we believe that the legislature would have explicitly made such a provision in the statute.

A review of the legislative history of NRS 209.451(1)(d) supports our conclusion. This law, which was proposed as Assembly Bill 106, was designed to curb frivolous civil rights actions and other civil lawsuits filed by prisoners. *See* Hearing on A.B. 106 Before the Assembly Judiciary Comm., 68th Leg. (Nev., February 15, 1995); Hearing on A.B. 106 Before the Assembly Ways and Means Comm., 68th Leg. (Nev., April 3, 1995); Hearing on A.B. 106 Before the Senate Judiciary Comm., 68th Leg. (Nev., May 22, 1995). The primary proponents of the law, the attorney general's office and the Department of Prisons, both indicated that such suits were consuming scarce resources.[2] *See id.* Accordingly, the law was proposed to deter prisoners from filing such lawsuits. The law was not designed to deter

ranted by existing law or by a reasonable argument for a change in existing law or a change in the interpretation of existing law; or

(3) Contains allegations or information presented as fact for which evidentiary support is not available or is not likely to be discovered after further investigation, he forfeits all deductions of time earned by him before the commission of that offense or act, or forfeits such part of those deductions as the director considers just.

(Emphasis added.) The legislature enacted these provisions in 1995 as Assembly Bill No. 106. 1995 Nev. Stat., ch. 142, § 1, at 210-11.

[2]At the committee hearings, a representative from the Department of Prisons provided examples of costly, frivolous inmate lawsuits that the legislation was designed to deter. See, e.g., Hearing on A.B. 106 Before the Assembly Judiciary Comm., 68th Leg. (Nev., February 15, 1995). These included inmate lawsuits filed against the Department of Prisons challenging the conditions of confinement and a suit filed against a company that had contracted with Prison Industries to market its products. See id.

prisoners, who are often afforded limited legal assistance and resources, from seeking post-conviction relief pursuant to NRS chapter 34.[3]

For the reasons set forth above, we conclude that the district court erred in recommending the forfeiture of appellant's good time credits. Accordingly, we remand this matter, and we direct the district court to vacate the portion of its order recommending the Director of the Department of Prisons to reduce appellant's good time credits. We affirm the portion of the district court's order dismissing appellant's habeas corpus petition.

---

[3]In a post-conviction habeas corpus action, pursuant to NRS chapter 34, a prisoner may only challenge the judgment of conviction or sentence in a criminal case, or the computation of time the prisoner has served pursuant to a judgment of conviction. *See* NRS 34.720; *see also* Bowen v. Warden, 100 Nev. 489, 686 P.2d 250 (1984) (stating that a petitioner may not challenge the conditions of confinement in a petition for a writ of habeas corpus).