# IN THE SUPREME COURT OF THE STATE OF NEVADA

EVAN EUGENE MOORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68882

FILED

JAN 0 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER VACATING JUDGMENT AND REMANDING*

This is an appeal from an order dismissing a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Evan Moore is currently serving two consecutive sentences of 20 years to life for murder with the use of a firearm. After attempting a direct appeal, Moore filed a pro-se, post-conviction petition for a writ of habeas corpus on June 4, 2010. After the district court ordered an answer, respondent, the State of Nevada, filed its answer on February 2, 2011. Moore filed his reply on March 25, 2011. After Moore filed his reply, the district court took no action.

On July 31, 2014, and November 24, 2014, Moore filed separate motions to expedite the decision. There are no responses or orders in the record pertaining to these motions.

On July 24, 2015, the State filed a motion to dismiss Moore's habeas corpus petition, solely citing NRCP 41(e)'s rule permitting dismissal of a civil action for failure to bring the case to trial after five

years had passed. Moore filed an opposition on August 6, 2015. Moore also filed a request for appointment of counsel on August 7, 2015.[1]

On September 9, 2015, the district court issued an order granting the State's motion to dismiss the petition. In the order, the district court acknowledged that Moore filed his petition and reply, including the dates upon which they were filed. The district court also acknowledged that it ordered the State to file an answer and that the State did so. The only other fact noted in the order is that five years had passed without a hearing.

There is nothing in the record on appeal that indicates why, after Moore filed his reply, the district court failed to rule or set a hearing date.

The issue before this court is whether the district court correctly dismissed the petition for failure to prosecute. We conclude that the district court erred in dismissing the petition because, pursuant to our prior rulings on using the NRCP for procedural shortcuts in post-conviction habeas corpus cases, dismissal under NRCP 41(e) is not appropriate.

*Error in dismissing a post-conviction petition under NRCP 41(e)*

"The Nevada Rules of Civil Procedure, to the extent that they are not inconsistent with NRS 34.360 to 34.830, inclusive, apply to proceedings pursuant to NRS 34.720 to 34.830, inclusive." NRS 34.780(1). Under NRCP 41(e), if an action is not brought to trial within five years,

---

[1]In addition to vacating the order granting the State's motion to dismiss, we direct the district court to consider Moore's motion to appoint counsel pursuant to NRS 34.750 and use its discretion to decide whether appointment of counsel is appropriate in this case.

the court must dismiss it, unless the parties have stipulated otherwise. We conclude that because NRS Chapter 34 does not provide for the dismissal of a post-conviction petition for a writ of habeas corpus due to the failure of the petitioner to take further action after the filing of the petition, dismissal under NRCP 41(e) is not permitted in a post-conviction proceeding.

Even when there is no explicit conflict in NRS Chapter 34, we have held that certain provisions of the NRCP simply do not apply to post-conviction appeals. *See, e.g., Beets v. State*, 110 Nev. 339, 341, 871 P.2d 357, 358 (1994) (stating that despite no rule to the contrary, a petitioner cannot move for summary judgment in the context of post-conviction relief); *see also Means v. State*, 120 Nev. 1001, 1019, 103 P.3d 25, 37 (2004) ("If the rules of civil procedure governing summary judgment are inappropriate for post-conviction cases, then permitting entry of default pursuant to NRCP 55 is even more inappropriate."). "[H]abeas corpus proceedings are unique—neither civil nor criminal for all purposes." *Means*, 120 Nev. at 1019, 103 P.3d at 37.

As in *Means*, where we held that a petitioner could not use default under NRCP 55, here it would be similarly inappropriate to allow the State to use NRCP 41(e) as a method to avoid a determination on the merits. Default in *Means* would have meant automatically ruling against the State for a procedural violation. Here, dismissal would mean automatically ruling against Moore for a procedural violation, one he did not commit. Even if there was any delay attributable to Moore, our precedent prohibits dismissal under NRCP 41(e).

Because NRCP 41(e) cannot apply to post-conviction proceedings, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Scott N. Freeman, District Judge
Evan Eugene Moore
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[2]Because we vacate the district court's order granting the State's motion to dismiss, we deny Moore's October 27, 2015, motion to file proper person documents as moot.