141 Nev., Advance Opinion 27

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JENNIFER L. SCHWARTZ, DISTRICT JUDGE,<br>Respondents,<br>and<br>RAYMOND BROWN,<br>Real Party in Interest. | No. 88188 |



FILED

JUN 05 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to correct an illegal sentence.

*Petition denied.*

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Alexander Chen, Chief Deputy District Attorney, and Kayla Nicole Farzaneh-Simmons, Deputy District Attorney, Clark County, for Petitioner.

Benjamin Durham Law Firm and Monique McNeill, Las Vegas, for Real Party in Interest.

BEFORE THE SUPREME COURT, PICKERING, PARRAGUIRRE, and STIGLICH, JJ.

## OPINION

By the Court, STIGLICH, J.:

In this opinion, we address the appealability of an order denying a motion to correct an illegal sentence. Real party in interest Raymond Brown pleaded guilty to residential burglary and was sentenced to probation. The State filed a motion to correct an illegal sentence, arguing that Brown's prior burglary convictions rendered him statutorily ineligible for probation. The district court denied the motion after a hearing. The State petitioned for a writ of mandamus or prohibition, challenging the district court's order. We deny the petition because the State had an adequate legal remedy in the form of an appeal from the order denying the motion to correct an illegal sentence.

### BACKGROUND

NRS 205.060 codifies the general burglary offense in Nevada, defining residential burglary, burglary of a motor vehicle, and burglary of a business structure. NRS 205.060(1)(a)-(d). Before 2020, NRS 205.060 did not distinguish between the type of structure being burglarized. 2019 Nev. Stat., ch. 633, § 55, at 4425-27 (amending NRS 205.060); *id.* § 137(2), at 4488 (making this amendment effective on July 1, 2020). Rather, one could only commit the general crime of burglary, regardless of whether the burglarized structure was a business or a residence.

In 2018, Brown burglarized a string of residences and was convicted of two counts of "burglary" pursuant to the version of NRS 205.060 then in effect. Three years later, Brown burglarized another residence and was charged with residential burglary pursuant to the amended version of NRS 205.060. Brown pleaded guilty, and as part of the plea agreement, the State agreed to make no recommendation regarding sentencing, to reduce

 

bail, and to dismiss another pending case. The district court sentenced Brown to a suspended term of incarceration of 24 to 72 months and placed Brown on probation for a period not to exceed 36 months.

The State filed a motion to correct an illegal sentence and argued that Brown's two 2018 burglary convictions rendered him ineligible for probation pursuant to NRS 205.060(3). NRS 205.060(3) provides that a person convicted of residential burglary may not be released on probation if the person has a previous conviction for "residential burglary or another crime involving the unlawful entry or invasion of a dwelling." Notably, the State was aware at the time of sentencing of Brown's prior burglary convictions, which were included in the presentence investigation report, but did not mention them at sentencing or object when the court placed Brown on probation. The district court held a hearing and denied the State's motion to correct Brown's sentence. The State now seeks a writ of mandamus or prohibition directing the district court to vacate the judgment of conviction imposing probation and to schedule a new sentencing hearing.

### DISCUSSION

The State argues that mandamus and prohibition are appropriate because the district court abused its discretion and acted in excess of its jurisdiction when it placed Brown on probation. The State further argues that it may not appeal from the order denying its motion to correct an illegal sentence and that it therefore had no other plain, speedy, and adequate remedy at law. Brown argues that the State could have appealed from the order denying the motion such that writ relief is inappropriate.

Whether a writ will issue is within this court's sole discretion. *Smith v. Eighth Jud. Dist. Ct.*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). "A writ of mandamus is available to compel the performance of an act that

the law requires . . . or to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011) (citation omitted). "A writ of prohibition is the counterpart to a writ of mandamus and may be issued to compel a person or body exercising judicial functions to cease performing beyond its legal authority." *NuVeda, LLC v. Eighth Jud. Dist. Ct.*, 137 Nev. 533, 535, 495 P.3d 500, 503 (2021) (internal quotation marks omitted). This court will not issue a writ "if the petitioner has a plain, speedy, and adequate remedy at law." *State v. Second Jud. Dist. Ct. (Ducharm)*, 118 Nev. 609, 614, 55 P.3d 420, 423 (2002) (citing NRS 34.170 and NRS 34.330). "[T]he right to appeal is generally considered an adequate legal remedy that precludes writ relief." *Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004).

Thus, we must determine whether the State had the right to appeal the order denying its motion to correct an illegal sentence. "[T]he right to appeal is statutory; where no statutory authority to appeal is granted, no right to appeal exists." *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990). As the parties recognize, the State may not appeal from a final judgment or verdict in a criminal case. NRS 177.015(3). And, regardless, an order denying a motion to correct an illegal sentence is neither a final judgment nor a verdict, and therefore, NRS 177.015(3) does not apply.

Instead, this court has recognized motions to modify a sentence and to correct an illegal sentence as postconviction challenges to a judgment of conviction. *Edwards v. State*, 112 Nev. 704, 707, 918 P.2d 321, 323-24 (1996). A motion to modify a sentence is limited in scope to a sentence that is based on a mistaken assumption about a defendant's criminal record that

harms the defendant. *Id.* at 708, 918 P.2d at 324. A motion to correct an illegal sentence addresses only a facially illegal sentence. *Id.*

No statute or court rule specifically addresses the right to appeal from an order granting or denying a motion to modify a sentence or a motion to correct an illegal sentence. But this court has analogized an order resolving a motion to modify a sentence to an order resolving a motion for a new trial, which is appealable by the State or defendant (whichever is aggrieved) under NRS 177.015(1)(b). *Passanisi v. State*, 108 Nev. 318, 321-22, 831 P.2d 1371, 1373 (1992), *overruled in part on other grounds by Harris v. State*, 130 Nev. 435, 446-48, 329 P.3d 619, 627-28 (2014) (clarifying *Passanisi*'s definition of the phrase "incident to the proceedings in the trial court" within the context of a motion to withdraw a guilty plea). In both instances, the moving party is seeking a new proceeding on the premise that the factual underpinnings of the district court's decision were incorrect. *Id.* at 321, 831 P.2d at 1373. We find that this analogy similarly applies to an order resolving a motion to correct an illegal sentence. We therefore conclude that the State has the right, equally with the defendant, to appeal a district court order granting or denying a motion to correct an illegal sentence.

## *CONCLUSION*

The State had the right to appeal the order denying its motion to correct an illegal sentence. Instead of appealing, the State filed a petition for extraordinary writ relief. Writ relief is not available where the petitioner has "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330. The State argues that, even if it could have appealed, we should still reach the merits because the question is important and a definitive answer will resolve the question once and for all. Because the State had the right to take an immediate appeal, we decline to

SUPREME COURT
OF
NEVADA

(O) 1947A

5

resolve the petition on the merits.  Accordingly, we deny the State's petition for writ relief.

_____, J.
Stiglich

We concur:

_____, J.
Pickering

_____, J.
Parraguirre