NOLAN E. KLEIN, APPELLANT, v. WARDEN, ELY STATE PRISON, E.K. McDANIEL, RESPONDENT.

No. 32960

April 16, 2002                                        43 P.3d 1029

---

*Nolan E. Klein,* Carson City, in Proper Person.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. We hold that: (1) the statutory appeal period in post-conviction habeas corpus proceedings is not subject to the tolling provisions of NRAP 4(a)(2); (2) although the time to file the notice of appeal in this instance was not tolled under NRAP 4(a)(2), appellant Nolan Edward Klein's notice of appeal was nevertheless timely filed because Klein was not properly served with notice of entry of the district court's decision denying his petition; (3) Klein failed to demonstrate good cause and prejudice to overcome the procedural defaults barring consideration of his claims; and (4) the district court properly denied Klein's petition.

### FACTS

On March 16, 1989, the district court convicted appellant Nolan Edward Klein, pursuant to a jury verdict, of two counts of robbery with the use of a deadly weapon, and one count each of burglary and sexual assault with the use of a deadly weapon. The district court sentenced Klein to serve two consecutive terms of life with the possibility of parole, plus consecutive terms totaling thirty years in the Nevada State Prison. Klein filed a direct appeal, and on December 28, 1989, this court affirmed his conviction, concluding in part that eyewitness testimony of the victims, positively identifying Klein as their assailant, supported the jury's findings of guilt.[1] Thereafter, Klein filed numerous post-conviction petitions and motions in the district court challenging his conviction and sentence. In each instance, the district court denied relief, Klein appealed the district court's decisions, and this court affirmed each decision on appeal.[2]

---

[1]*Klein v. State,* 105 Nev. 880, 784 P.2d 970 (1989).

[2]*See Klein v. State,* Docket No. 24174 (Order Dismissing Appeal, filed November 24, 1993, holding that the district court did not err in dismissing appellant's post-conviction petition); *Klein v. State,* Docket No. 22597 (Order Dismissing Appeal, filed February 4, 1994, holding that the district court did not err in dismissing another of appellant's post-conviction petitions); *Klein v. State,* Docket Nos. 27514 and 27675 (Order Dismissing Appeals, filed May 19, 1998, concluding that the district court did not err in dismissing appel-

On October 15, 1996, Klein filed yet another proper person post-conviction petition for a writ of habeas corpus in the district court. In this petition, he sought dismissal of the charges against him or a new trial on the ground that the filters on two cigarette butts that were admitted into evidence at his trial were discovered missing in November of 1995, while in the care and custody of the district court's exhibit clerk. He claimed that the State's post-trial loss of the filters prejudiced him and denied him due process of law because, if they had not been lost, he could have had them tested and that such testing might have revealed exculpatory DNA evidence with a different DNA "signature" than his.

The district court appointed counsel to represent Klein, and conducted an evidentiary hearing on April 7, 1998. On May 6, 1998, the district court entered written findings of fact, conclusions of law, and a judgment denying Klein's petition. On May 14, 1998, Klein filed a proper person motion in the district court citing to NRCP 52(b) and 59(e) and requesting the district court "to make additional findings of fact and/or to alter or amend order and/or judgment." Klein's motion essentially asked the district court to reconsider its decision, and complained that counsel who had been appointed to represent him on the instant petition was ineffective. On August 24, 1998, the district court denied Klein's motion. On September 2, 1998, Klein filed a notice of appeal stating, in pertinent part, that "[t]his appeal is to all issues of law and fact presented to the district court within the above-entitled matter."

## DISCUSSION

### Preliminary jurisdictional concerns

As a preliminary matter, we note that Klein's appeal was timely filed and that this court has jurisdiction to consider this appeal *only* because the clerk of the district court did not properly serve Klein individually with notice of entry of the district court's order of May 6, 1998, denying the petition.[3] In *Lemmond v. State,* this

---

lant's third post-conviction petition and his motion to correct his allegedly illegal sentence); *Klein v. State,* Docket No. 32107 (Order of Remand, filed August 27, 1998, holding that the district court did not err in dismissing appellant's fourth post-conviction petition, but concluding that the applicable statutes did not permit the district court to order the forfeiture of appellant's good time credits as a sanction for presenting frivolous claims for relief); *Klein v. State,* Docket No. 37336 (Order Dismissing Appeal, filed February 22, 2001, dismissing appeal from an order of the district court denying appellant's "motion for evidentiary hearing and order restricting access to evidence").

[3]*See, e.g., Scherer v. State,* 89 Nev. 372, 513 P.2d 1232 (1973) (holding that the timely filing of a notice of appeal is jurisdictional and is an essential prerequisite to the perfection of an appeal).

court held that under NRS 34.575(1) and NRS 34.830, the time to file a notice of appeal from an order denying a post-conviction habeas petition does not commence to run until notice of entry of an order denying the petition has been separately served by the district court on both the petitioner and the petitioner's counsel, if any.[4] In the instant case, the clerk of the district court properly served notice of entry of the district court's order of May 6, 1998, on petitioner's counsel, but did not separately serve petitioner at petitioner's address. Therefore, the thirty-day appeal period provided by NRS 34.575(1) never commenced to run, and under our holding in *Lemmond,* Klein's notice of appeal of September 2, 1998, must be considered timely from the order of May 6, 1998, denying his petition. As discussed below, however, we emphasize that Klein's notice of appeal was not rendered timely as a result of the proper person motion he filed in the district court on May 14, 1998. We expressly hold today that this proper person motion did not "toll" or "extend" the time to file the notice of appeal from the district court's judgment of May 6, 1998.

Under NRAP 4(a)(2), the running of the time for filing a notice of appeal in some civil cases is "terminated" by certain timely tolling motions. Under the rule, the time for filing a notice of appeal commences to run from the date of service of notice of entry of an order of the district court resolving specified timely motions filed pursuant to NRCP 50(b), 52(b), or 59.[5]

In this case, Klein's motion of May 14, 1998, purported to seek relief pursuant to NRCP 52(b) and 59(e) by requesting the district court "to make additional findings of fact and/or to alter or

---

[4]114 Nev. 219, 954 P.2d 1179 (1998).

[5]NRAP 4(a)(2) provides:

> The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Nevada Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the date of service of written notice of entry of any of the following orders made upon a timely motion under such Rules: (i) granting or denying a motion for judgment under N.R.C.P. 50(b); (ii) granting or denying a motion under N.R.C.P. 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) granting or denying a motion under N.R.C.P. 59 to alter or amend the judgment; (iv) granting or denying a motion for a new trial under N.R.C.P. 59. A notice of appeal filed before the formal disposition of any timely post-judgment motion enumerated in this subdivision shall have no effect. A notice of appeal must be filed after the entry of a written order of the district court resolving any of the post-judgment motions enumerated in this subdivision and no later than thirty (30) days from the date of service of written notice of entry of that order.

amend order and/or judgment.''[6] In those civil cases to which NRAP 4(a)(2) is applicable, a proper and timely motion under these provisions would have tolled the time to file the notice of appeal. However, this court has consistently and repeatedly held that rules of civil appellate procedure are not applicable to appeals from statutory post-conviction habeas corpus proceedings.[7] In order to clarify any potential ambiguity relating to this court's jurisdictional rules governing these types of appeals, we now specifically clarify our prior rulings to preclude the application of the civil tolling provisions of NRAP 4(a)(2) to appeals from orders and judgments of the district courts resolving post-conviction habeas corpus petitions. We expressly hold that the civil tolling provisions of NRAP 4(a)(2) are inconsistent with and inapplicable to the statutory procedures governing the litigation of post-conviction habeas corpus petitions.[8] In sum, we continue to adhere to our firmly established holdings that the jurisdictional prerequisites in appeals from orders of the district court resolving post-conviction habeas corpus petitions are governed

---

[6]As the district court found in its order denying Klein's motion of May 14, 1998, Klein argued among other things that counsel who was appointed to represent him in the instant matter had provided ineffective assistance by ignoring the legal strategy that Klein and his sister wanted to pursue, by failing to maintain appropriate contact with Klein, and by failing to bring to the district court's attention ''the mental and physical impairment that Mr. Klein was suffering as the result of his allegedly being starved by jail and prison employees.'' It appears that Klein's motion can be more aptly characterized as a motion to reconsider and as an improper attempt to raise arguments not previously presented in his petition. In any event, the order of the district court denying the motion is not an independently appealable determination. *See Phelps v. State,* 111 Nev. 1021, 900 P.2d 344 (1995) (holding that there is no right to appeal from an order denying a motion for reconsideration); *Uniroyal Goodrich Tire v. Mercer,* 111 Nev. 318, 320 n.1, 890 P.2d 785, 787 n.1 (1995) (no appeal may be taken from an order denying a motion to alter or amend a judgment); *French v. French,* 91 Nev. 248, 250, 533 P.2d 1357, 1358 (1975) (an order denying a motion pursuant to NRCP 52(b) is not an appealable order).

[7]*See Mazzan v. State,* 109 Nev. 1067, 863 P.2d 1035 (1993) (holding that rules pertaining to appeals from orders changing or refusing to change the place of trial of civil actions do not apply to post-conviction habeas proceedings); *Jordon v. Director, Dep't of Prisons,* 101 Nev. 146, 696 P.2d 998 (1985) (refusing to apply certain civil rules relating to filing of notices of appeal to post-conviction habeas proceedings); *Hill v. Warden,* 96 Nev. 38, 604 P.2d 807 (1980) (holding that jurisdictional rules governing criminal appeals, rather than civil appeals, applied to appeals from orders resolving post-conviction habeas proceedings); *see also Beets v. State,* 110 Nev. 339, 871 P.2d 357 (1994) (holding that the civil rules of procedure allowing for a motion for summary judgment do not apply to post-conviction habeas proceedings under NRS chapter 34).

[8]*See* NRS 34.780(1) (except to the extent that they are inconsistent with the statutory provisions, the rules of civil procedure apply to post-conviction habeas proceedings).

exclusively by the specific statutes and rules regulating criminal post-conviction appeals.[9]

### Klein's petition was procedurally barred

Klein's petition was filed nearly seven years after the remittitur issued in his direct appeal. Moreover, Klein's petition was successive because he had previously filed numerous petitions and motions seeking post-conviction relief. Thus, the instant petition was procedurally barred absent a demonstration of good cause and prejudice excusing his failure to previously assert his claims relating to DNA testing of the cigarette filters in a timely manner.[10]

In an attempt to demonstrate good cause to excuse his procedural defaults and his failure to previously assert the claims relating to DNA testing of the allegedly exculpatory missing evidence, Klein argued that an order issued by the district court on April 11, 1991, permitted him:

> the option and right . . . to have forensic/DNA testing done on the physical and biological evidence in another independent lab, providing that [Klein] could find a forensic laboratory that could conduct reliable DNA testing without the necessity of compelling the victim or her husband to submit to the drawing of blood samples.

Klein's argument is repelled by the record.

The actual text of the district court's order of April 11, 1991, critically differs from Klein's characterization of the meaning and impact of this ruling. The district court's order stated:

> The Court will not compel the victim, nor her husband to undergo invasive blood tests, nor will the Court require the Washoe County Forensics Laboratory to vary from whatever are its accepted policies and procedures. If the Washoe County Forensic Lab can do a DNA test of the semen in this case without other blood draws and if that test is not contrary to its normal policies and procedures, then it will be so ordered. If counsel or Petitioner wishes to submit the Petitioner's blood and/or semen to another lab for testing, that, too, will be allowed. Otherwise, the Motion may be, and hereby is, DENIED.

---

[9]See NRS 34.575, NRS 34.830, and NRAP 4(b).

[10]*See* NRS 34.726(1) (providing that in the absence of a showing of good cause for the delay and prejudice, a post-conviction petition for a writ of habeas corpus must be filed within one year after issuance of the remittitur on direct appeal); NRS 34.810(2), (3) (providing that in the absence of a showing of good cause and prejudice, the district court shall dismiss a petition if new and different claims are raised that could have been raised in the prior proceedings).

Even assuming that the district court's order could be construed as permitting DNA testing to proceed years after the order was issued, the order only addressed DNA testing of semen or blood, not saliva on the filters of cigarette butts. The fact remains that Klein never previously raised in any proceeding any claims relating to the potential exculpatory value of DNA testing of the cigarette filters prior to November of 1995, when they were discovered missing. Thus, the district court's order of April 11, 1991, does not establish good cause to excuse Klein's procedural defaults.

At the district court's April 7, 1998, evidentiary hearing on the instant petition, Klein also asserted that he did not pursue DNA testing of the cigarette filters prior to their disappearance in 1995 because he was incarcerated and could not find a laboratory to do the testing. As noted, however, Klein did not previously raise any claims relating to the alleged exculpatory value of the filters prior to trial, at trial, on direct appeal, or in his prior post-conviction proceedings.[11] He could have sought testing of the filters prior to or during his trial or at any time prior to their disappearance, but he did not do so. He could have alleged in his prior post-conviction petitions and motions that the filters might have exculpatory value and that his trial counsel was ineffective for not having the filters tested, but he did not do so.[12] Instead, the record before this court reveals that Klein did not claim that DNA testing of the cigarette filters might have exculpatory value until well after the filters were discovered missing in November of 1995, when testing was no longer possible.[13]

---

[11]NRS 34.810(3) (petitioner bears the burden of pleading and proving specific facts that demonstrate good cause for failure to present the claim or for presenting the claim again, and actual prejudice).

[12]Although Klein did not raise the ineffective assistance of trial counsel claim in the instant petition, at the evidentiary hearing below, Klein's counsel, Joseph Plater III, argued that Klein's trial counsel was ineffective for failing to have the filters tested prior to trial. Plater, who represented Klein in his first post-conviction petition, argued that the reason he did not raise this argument in Klein's first petition was because the district court had ordered that it would not subject the victims to invasive testing of their blood. Assuming that DNA testing of the cigarette filters was ever feasible—a hypothesis that Klein never even attempted to establish through credible scientific evidence in the proceedings below—the district court's order prohibiting invasive testing of the victims did not preclude testing of the filters to ascertain whether they matched Klein's DNA. Thus, counsel did not establish in the instant matter good cause for failing to allege ineffective assistance of trial counsel on this basis in the first petition.

[13]We note that Klein's claim fits Category 4 of the National Institute of Justice's hierarchy of cases involving post-conviction DNA testing. Category 4 encompasses "cases in which biological evidence was never collected, or cannot be found despite all efforts, or was destroyed, or was preserved in such a way that it cannot be tested. In such cases, postconviction relief on the basis of DNA testing is not possible." Nat'l Comm'n on the Future

In addition, Klein failed to demonstrate prejudice.[14] As noted, Klein claimed to have been prejudiced and denied due process of law by the post-trial disappearance of the filters. In *Sheriff v. Warner,* however, this court stated:

> This court has consistently held that "[i]n order to establish a due process violation resulting from the state's loss or destruction of evidence, a defendant must demonstrate either (1) that the state lost or destroyed the evidence in bad faith, or (2) that the loss unduly prejudiced the defendant's case and the evidence possessed an exculpatory value that was apparent before the evidence was destroyed."[15]

Klein had the burden of establishing bad faith on the part of the State or prejudice, *i.e.,* that " 'it could be reasonably anticipated that the evidence . . . would be exculpatory and material to [Klein's] defense.' "[16] " 'It is not sufficient that the showing disclose merely a hoped-for conclusion from examination of the destroyed evidence, nor is it sufficient . . . to show only that examination of the evidence would be helpful.' "[17]

As the district court found, Klein did not argue or present any evidence below that the filters were lost as a result of bad faith on the part of the court staff or state agents. Rather, he merely demonstrated that the evidence was missing. Additionally, as discussed below, Klein did not demonstrate that the evidence was "material," *i.e.,* that there existed "a reasonable probability that, had the evidence been available to the defense, the result of the proceedings would have been different,"[18] or that it could have been reasonably anticipated that the evidence possessed an exculpatory value that was apparent before the evidence was destroyed.

One of the cigarette butts in question was retrieved from the general area of the scene of the crime. Additionally, more than a week after the crime was committed, Klein was apprehended near the crime scene lurking under some bushes smoking a ciga-

of DNA Evidence, U.S. Dep't of Justice, *Postconviction DNA Testing: Recommendations for Handling Requests* 52 (1999).

[14]*See* NRS 34.726(1)(b).

[15]112 Nev. 1234, 1239-40, 926 P.2d 775, 778 (1996) (quoting *State v. Hall,* 105 Nev. 7, 9, 768 P.2d 349, 350 (1989)).

[16]*Id.* at 1240, 926 P.2d at 778 (quoting *Boggs v. State,* 95 Nev. 911, 913, 604 P.2d 107, 108 (1979)).

[17]*Id.* (quoting *Boggs,* 95 Nev. at 913, 604 P.2d at 108).

[18]*Daniels v. State,* 114 Nev. 261, 267, 956 P.2d 111, 115 (1998) (citing *State v. Ware,* 881 P.2d 679, 685 (N.M. 1994) and *United States v. Bagley,* 473 U.S. 667 (1985)).

rette. The evidence at trial never conclusively established that the cigarette butt found at the crime scene was left by the perpetrator, nor was it conclusively determined to have been smoked by Klein. To the contrary, at the evidentiary hearing on the instant petition, Klein's counsel could only point to one reference in the transcript of the trial where the evidence was mentioned briefly by the prosecutor during closing argument in conjunction with other circumstantial evidence tending to show that at the time Klein was apprehended lurking in the bushes, he fit the general description of the perpetrator. Even this reference by the prosecutor emphasized that the cigarette evidence was "innocuous" and "in and of itself, does not amount to anything."

This court has previously held that to determine whether lost evidence is "material," it " 'must be evaluated in the context of the entire record.' "[19] Here, even assuming that testing of the cigarette filter found at the crime scene could have established a DNA signature different than Klein's, the record of Klein's trial reveals substantial, independent evidence establishing Klein's guilt beyond a reasonable doubt. For example, prior to trial, one of the victims identified Klein as the perpetrator from a police photograph. At trial, both of the victims positively identified Klein as the robber and assailant. Klein's former girlfriend also testified that she had "no doubt" that it was Klein's voice on a police tape recording of a telephone call that the perpetrator made to police reporting the crimes on the night they occurred. In addition, as the district court noted in its order denying this petition, "Klein's trial lawyer testified credibly in Klein's first state court habeas proceeding in 1991 that, following his conviction, he admitted the crimes to her."

In sum, even if Klein had demonstrated that the lost filters could have been tested and that they would have revealed a DNA "signature" different from Klein's, the results would have been neither "material" nor "exculpatory."[20] Thus, Klein failed to establish prejudice excusing his failure to previously present any claims relating to the alleged potential exculpatory value of the filters. Further, for the same reasons stated above, it is apparent

---

[19]Sparks v. State, 104 Nev. 316, 319, 759 P.2d 180, 182 (1988) (quoting United States v. Agurs, 427 U.S. 97, 112-13 (1976)).

[20]Klein's sister, Tonja Brown, testified at the evidentiary hearing below that she had been to the courthouse on at least four separate occasions between April 1989 and November 1995 to view, handle, and photocopy the evidence. As the district court noted, Brown testified that she personally handled the cigarette butts on at least one occasion and examined them to see if they contained a brand name. We agree with the district court that, even assuming that extraction and meaningful DNA analysis of saliva from the filters was scientifically feasible under the circumstances, Brown's handling of the evidence raises serious questions regarding potential contamination of the evidence that could only be answered by qualified expert testimony, which again, Klein did not even attempt to present.

from the record that Klein did not establish a fundamental miscarriage of justice sufficient to excuse his procedural defaults.[21]

## CONCLUSION

We hold that the provisions set forth in NRAP 4(a)(2) relating to the tolling of the time for filing a notice of appeal in certain civil cases do not apply to appeals from orders of the district courts resolving post-conviction habeas corpus petitions. Although the time to file the notice of appeal was not tolled in this instance under NRAP 4(a)(2), Klein's notice of appeal was nevertheless timely filed because Klein was not properly served with notice of entry of the district court's decision denying his petition. We further conclude that Klein failed to demonstrate good cause, actual prejudice, or a fundamental miscarriage of justice sufficient to overcome the procedural bars applicable to the post-conviction habeas petition Klein filed nearly seven years after this court affirmed his conviction and issued the remittitur in his direct appeal. Accordingly, for the reasons stated above, we affirm the judgment of the district court denying Klein's petition.[22]

---

[21]See *Pellegrini v. State,* 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that a colorable showing of actual innocence may excuse a failure to demonstrate cause to excuse procedural bars under the "fundamental miscarriage of justice" standard).

[22]We have considered all proper person documents filed or received in this matter and have concluded that the relief requested is not warranted.