An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LLOYD RICHARD DEERE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62761

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from district court orders denying a post-conviction petition for a writ of habeas corpus, a motion for bail, and a motion to alter, amend, clarify and reconsider. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Our preliminary review of the documents submitted with the notice of appeal revealed several jurisdictional defects: (1) the notice of appeal appeared to be untimely as to the order denying a post-conviction petition for a writ of habeas corpus, *see* NRS 34.575(1); (2) no statute or court rule provides for an appeal from an order denying a motion for bail; and (3) an order denying a motion for reconsideration is not substantively appealable, *see Phelps v. State*, 111 Nev. 1021, 900 P.2d 344 (1995). In response to an order to show cause why the appeal should not be dismissed for lack of jurisdiction, appellant asserts the notice of appeal was timely filed and that the order denying his motion to alter, amend, clarify and reconsider is appealable. Both arguments seem to be premised

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 17422

on the idea that the latter motion was the functional equivalent of a motion for a new trial.[1] We disagree.

The order denying the post-conviction petition for a writ of habeas corpus is appealable. NRS 34.575(1). The notice of appeal had to be filed within 30 days after the court served written notice that the order had been entered. *Id.* In this case, the order was entered on December 14, 2012, and the district court clerk served a notice of entry on appellant and his counsel on December 21, 2012. The notice of appeal was not filed until March 3, 2013, long after the 30-day appeal period expired.

Appellant implies that the appeal period was tolled under NRAP 4(b)(3) because his motion to alter, amend, clarify and reconsider was the functional equivalent of a motion for new trial. Based on the same rationale, appellant asserts that the order denying that motion also is appealable. *See* NRS 177.015(1)(b). Despite appellant's arguments, the motion was not the equivalent of a motion for new trial. Although the ultimate goal behind the motion, as with the post-conviction habeas petition, undoubtedly was to obtain a new trial, the same can be said of virtually all post-conviction challenges to a judgment of conviction. That does not turn them into motions for a new trial.

NRAP 4(b)(3) is clearly referring to a motion filed pursuant to NRS 176.515. Because appellant did not file his motion within 7 days after the verdict, he can only assert that his motion was the equivalent of a motion for new trial based on newly discovered evidence. *See* NRS 176.515(3), (4). Such an argument does not hold up. Appellant's motion

---

[1]Appellant does not appear to contest that the order denying his motion for bail is not appealable.

does not assert newly discovered evidence that would render a different result probable on retrial. *See Sanborn v. State*, 107 Nev. 399, 406, 812, P.2d 1279, 1284-85 (1991) (listing factors relevant to motion for new trial based on newly discovered evidence). Instead, the motion takes issue with various findings and conclusions in the order denying the post-conviction habeas petition. It is quintessentially a motion to alter, amend, or reconsider that order. As such, it does not toll the time to file a notice of appeal from the order denying the post-conviction habeas petition, *see Klein v. Warden*, 118 Nev. 305, 309-10, 43 P.3d 1029, 1032-33 (2002), and is not itself an appealable order, *see Phelps*, 111 Nev. 1021, 900 P.2d 344.

For these reasons, we lack jurisdiction and therefore

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Michael Villani, District Judge
       Alan R. Johns
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

