An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL ROBBINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63007

**FILED**

JUL 2 2 2014


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of second-degree murder with the use of a deadly weapon, battery with the use of a deadly weapon, battery causing substantial bodily harm, and two counts of assault with a deadly weapon. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

*Demonstrative evidence*

Appellant Daniel Robbins claims that the district court erred by refusing to admit a video into evidence because it was relevant to his theory of defense that victim Christopher Mundy died as a result of an accidental discharge. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). The record reveals that Robbins sought to admit a YouTube video depicting an accidental discharge that occurred when a police officer attempted to holster a handgun. The district court heard argument on the video and found that it was more prejudicial than probative, its only probative value was to show that accidental discharges do occur, and it did not explain why the accidental discharge had occurred. The district court further found that the jury

14-23771

already knew that accidental discharges do occur and that the parties had stipulated to that fact. We conclude from this record that the district court did not abuse its discretion by refusing to admit the video into evidence.

*Proposed defense instructions*

Robbins claims that the district court erred by refusing to give his proposed instructions on trespass because they supported his theory of defense that Christopher Mundy was a trespasser and he used reasonable force to remove Mundy from his property. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). "[A] defendant is entitled to a jury instruction on his theory of the case, so long as there is evidence to support it, regardless of whether the evidence is weak, inconsistent, believable, or incredible." *Hoagland v. State*, 126 Nev. ___, ___, 240 P.3d 1043, 1047 (2010). However, a defendant is not entitled to instructions that are "misleading, inaccurate or duplicitous." *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005). Here, the record reveals that the district court heard argument on Robbins' proposed trespass instructions and found that they were misleading and inaccurate because they emphasized the crime of trespass and improperly suggested that if the jury found that the victim had trespassed then it could find that Robbins acted in self-defense and that the homicide was justifiable. The record further reveals that the jury was instructed on justifiable homicide, self-defense, and defense of property. We conclude from this record that the district court did not abuse its discretion by rejecting Robbins' proposed trespass instructions.

*Prosecutorial misconduct*

Robbins claims that the prosecutor committed misconduct during closing argument by mischaracterizing the evidence and inflaming the passions of the jury. In particular, Robbins takes exception to the prosecutor's comments that "he came out of his house, guns blazing," he "executed the victim," and he "could see the victim's hands" at the time of the shooting. However, Robbins did not object to the prosecutor's comments and he has not demonstrated plain error because there was no error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved claims of prosecutorial misconduct for plain error); *Parker v. State*, 109 Nev. 383, 392, 849 P.2d 1062, 1068 (1993) ("Statements by the prosecutor, in argument, indicative of his or her opinion, belief, or knowledge as to the guilt of the accused, when made as a deduction or a conclusion from evidence introduced in the trial, are permissible and unobjectionable." (first alteration, internal quotation marks, and brackets omitted)).

*Juror misconduct*

Robbins claims that juror misconduct occurred when victim Pablo Flores' mother entered the courtroom bathroom immediately upon seeing a juror enter the bathroom. Robbins argues that the district court should have initiated an inquiry to determine what, if anything, the mother told the juror, and he asserts that the district court's failure to conduct such an inquiry constitutes reversible error. However, Robbins' claim is belied by the record, which clearly demonstrates that the district court inquired as to whether any jurors had had a conversation with a

member of the victim's family while in the public restroom and determined that no such conversations had occurred. Accordingly, this claim is without merit. *See generally Meyer v. State*, 119 Nev. 554, 563-64, 80 P.3d 447, 455 (2003) (to prevail on a claim of juror misconduct, a "defendant must present admissible evidence sufficient to establish: (1) the occurrence of juror misconduct, and (2) a showing that the misconduct was prejudicial").

*NRS 47.080 violation*

Robbins claims that the district court violated NRS 47.080 by failing to conduct its hearings on the admissibility of evidence outside the hearing of the jury. Robbins asserts that the jury was able to hear inadmissible evidence through the courtroom walls and that defense counsel was cautioned that the jury might be able to hear him during a bench conference. Robbins argues that the jury was prejudiced by hearing inadmissible evidence and he was deprived of his constitutional right to a fair and impartial jury. However, Robbins did not preserve this issue for appeal and he has not demonstrated plain error because there was no error. *See* NRS 47.080 ("[H]earings on preliminary questions of admissibility . . . shall *to the extent practicable* . . . be conducted out of the hearing of the jury." (emphasis added)); *Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001) (reviewing unpreserved claims for plain error), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, ___ & n.12, 263 P.3d 235, 253 & n.12 (2011).

*Failure to preserve evidence*

Robbins claims that the State's failure to preserve the vehicle driven by Christopher Mundy and the district court's refusal to instruct the jury pursuant to *Sanborn v. State*, 107 Nev. 399, 408, 812 P.2d 1279,

1286 (1991) (an adverse instruction informing the jury that the lost evidence is irrebuttably presumed to be unfavorable to the State), deprived him of a fair trial.

> This court has consistently held that in order to establish a due process violation resulting from the state's loss or destruction of evidence, a defendant must demonstrate either (1) that the state lost or destroyed the evidence in bad faith, or (2) that the loss unduly prejudiced the defendant's case and the evidence possessed an exculpatory value that was apparent before the evidence was destroyed.

*Klein v. Warden*, 118 Nev. 305, 313, 43 P.3d 1029, 1034 (2002) (internal quotation marks and brackets omitted). The limited record that Robbins provided on this issue does not demonstrate that the State acted in bad faith or that he was prejudiced by the loss of the vehicle. Accordingly, we conclude that Robbins has not established a due process violation in this regard.

*Cruel and unusual punishment*

Robbins claims that his sentence of life imprisonment with the possibility of parole for the second-degree murder count constitutes cruel and unusual punishment because it is disproportionate to his crime. Robbins asserts that he was a hard-working family man; had no prior criminal history; and was acting in self-defense, the defense of others, and the defense of his property when he killed Christopher Mundy. However, Robbins does not claim that the relevant statute is unconstitutional, *see Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996), his sentence falls within the parameter of that statute, *see* NRS 200.030(5)(a), and we are not convinced that the sentence is so grossly disproportionate to the gravity of the offense as to shock the conscience, *see Harmelin v. Michigan*,

501 U.S. 957, 1000-01 (1991) (plurality opinion); *Blume*, 112 Nev. at 475, 915 P.2d at 284. Accordingly, we conclude that Robbins' sentence does not violate the constitutional proscriptions against cruel and unusual punishment.[1]

*Cumulative error*

Robbins claims that cumulative error deprived him of a fair trial and requires reversal of his conviction. However, Robbins has failed to demonstrate any error, and we conclude that he was not deprived of fair trial due to cumulative error.

Having concluded that Robbins is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

---

[1]To the extent that Robbins also claims that the district court abused its discretion by imposing a greater sentence than the sentence recommended by the Division of Parole and Probation, our review of the record reveals that the Division recommended a sentence of life imprisonment with the possibility of parole for the second-degree murder count.

[2]We deny Robbins' motion for oral argument.

 

cc: Hon. Robert W. Lane, District Judge
The Law Office of Dan M. Winder, P.C.
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk